IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, GDC #758572, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19-CV-817-WHA |
| ) | [WO] |
| CHATTANOOGA, TENNESSEE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Daniel Eric Cobble ("Cobble"), an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* action under 28 U.S.C. § 2241.  Doc. # 1.  While the court finds most of Cobble's petition to be rambling and unintelligible, Cobble appears to challenge the constitutionality of his current incarceration on sentences imposed by the State of Georgia and seeks his return to the State of Tennessee.  Doc. # 1 at 1 ("I was never convicted" on the Georgia cases and was improperly extradited from Tennessee to Georgia on these charges.).

Despite Cobble's assertion that a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the proper avenue of relief to present his challenge to the constitutionality of his confinement on convictions entered and sentences imposed by the State of Georgia, applicable federal law directs that the proper avenue of relief for this challenge is a petition for writ of habeas corpus under 28 U.S.C. § 2254, *Felker v. Turpin*, 518 U.S. 651, 662 (1996), and such law further allows this court to construe the instant petition as a 28 U.S.C.

§ 2254 habeas petition. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion [or petition] filed by a pro se inmate and determine whether the [document] is, in effect, cognizable under a different remedial statutory framework.").

Under the circumstances and in accordance with clearly established federal law, the court finds this habeas petition, based on the specific challenges presented by Cobble, should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. And upon consideration of this § 2254 petition, the court concludes it should be dismissed for lack of jurisdiction.

## II.  DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). By this statute, then, petitions for writ of habeas corpus under § 2254 must be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

As previously stated, Cobble is incarcerated in the Sumter County Jail in Americus, Georgia, a facility not located within the jurisdiction of this court. Instead, the jail is located within the jurisdiction of the United States District Court for the Middle District of

Georgia. The Georgia convictions Cobble references in his petition were entered by state courts in Cobb County, Georgia and Wilcox County, Georgia. Cobb County is located within the jurisdiction of the United States District Court for the Northern District of Georgia. Wilcox County is located within the jurisdiction of the United States District Court for the Middle District of Georgia. Plainly, this court, which sits in the Middle District of Alabama, lacks jurisdiction over Cobble's § 2254 habeas petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. However, the undersigned finds that the interest of justice does not warrant transfer of this case to a federal district court in the Northern or Middle District of Georgia.[1] Instead, the petition should be dismissed for lack of jurisdiction.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED for lack of jurisdiction.

It is further

---

[1] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Cobble's well-documented "practice of frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia. *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M. D. Ga. 2019) (Doc. # 5) (sanctioning Cobble from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.").

ORDERED that the parties shall file any objections to this Recommendation on or before November 12, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of October, 2019.

  /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE